IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | 8:09CR368 |
| **RUBEN TORRES,** | ) | |
| **CONNIE FLORES SANCHEZ and** | ) | ORDER |
| **SILVESTRE SANCHEZ-GARCIA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

  This matter is before the magistrate judge on motions to continue trial filed by the United States (Filing 66) and defendant, Silvestre Sanchez-Garcia (Filing 67).

  Defendants were first indicted on October 21, 2009. A superseding indictment was filed on December 16, 2009.

  The court file indicates that all three of the defendants requested discovery pursuant to Fed. R. Crim. P. 16. In the various case progression orders, the United States was ordered to provide discovery by November 12, 2009 as to Connie Flores Sanchez, November 16, 2009 as to Silvestre Sanchez-Garcia, and November 17, 2009 as to Ruben Torres. The record is silent as to whether or when the United States provided discovery. No pretrial motions were filed by any of the defendants, and trial is set for March 2, 2010.

  Today, counsel for the United States advises the court that this case involves a traffic stop made by the Nebraska State Patrol (apparently, on or about September 22, 2009, based on the content of the indictments). Defendants Connie Sanchez and Silvestre Sanchez-Garcia were reportedly seated in the back seat of a patrol car while their vehicle was searched, and their Spanish-language conversation was recorded. A special agent with the DEA listened to a portion of the conversation (at an undisclosed time) and says that the two defendants made incriminating statements; however, this agent is not fluent enough in Spanish to translate the conversation and cannot testify in that regard. Remarkably, the case agent from the Nebraska State Patrol advised counsel (at an undisclosed time) that the State Patrol does not have anyone who would be able to translate the recording. At another undisclosed time, the FBI agreed to provide a translation, the first draft of which might be

completed by Friday, February 19, 2010 if the translator's computer problems are fixed; however, a second translator would then have to review the draft for accuracy.

The court finds that the United States has not shown good cause for a continuance.

Essentially, defendant Silvestre Sanchez-Garcia is requesting a continuance due to the government's failure to timely provide discovery which has been in the possession of law enforcement since last September. In the interests of justice, the court finds that the defendant's motion must be granted.

**IT IS ORDERED:**

1. The Motion to Continue Trial filed by Silvestre Sanchez-Garcia (Filing 67) is granted, and the trial of this case is continued from March 2, 2010 to **April 6, 2010**.

2. In accordance with 18 U.S.C. § 3161(h)(7)(A), the court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendant in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between March 2, 2010 and April 6, 2010 shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act because the failure to grant a continuance would deny defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) & (B)(iv).

3. The government's Motion to Continue Trial (Filing 66) is denied.

4. Silvestre Sanchez-Garcia shall file the affidavit or declaration required by NECrimR 12.1(a) as soon as is practicable.

**DATED February 17, 2010.**

                                      **BY THE COURT:**

                                      s/ F.A. Gossett
                                      **United States Magistrate Judge**